THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR GUERRA RAMOS, Defendant and Appellant.

No. 7802. Argued December 21, 1939.—Decided January 8, 1940.

*Felipe Colón Díaz* for appellant. R. A. *Gómez, Prosecuting At-torney*, and *Luis Janer, Assistant Prosecuting Attorney*, for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

A complaint was filed against Salvador Guerra Ramos in the Municipal Court of Juana Díaz, as the managing partner of the commercial partnership Ramos & Suárez, Sucrs., for a violation of the Weights and Measures Law, committed in the following manner: that on or about October 21, 1937, and in the town of Juana Díaz, P. R., he sold to Marcelino Domínguez, through the agency of his employee Francisco Guerra, a certain amount of roasted and ground coffee short in weight. It was alleged that this was a second offense because the accused had been sentenced for a like violation on October 21, 1936, by the Municipal Court of Ponce, he having paid the fine imposed.

The District Court of Ponce tried the case on appeal and found the defendant Guerra guilty of the offense with which he was charged and also found true the allegation of previous conviction, for which reason it sentenced him to pay a fine of

$50 or to one day in jail for each dollar he did not pay, and also imposed on him the costs of the case.

As the basis for his appeal to this Court, the defendant alleges in the first place that the complaint does not state facts constituting the offense with which he was charged. According to the defendant, the complaint should have expressed the tolerance permitted by law for lack of weight. The rules adopted for the execution of the law expressly provide, referring to coffee, that due to the fact that this is an article which absorbs humidity and gains in weight *"there shall not be any permissible variation for lack of weight."* (Italics supplied.)

As the rules in question do not permit any tolerance whatsoever for lack of weight, the complaint complies with the legal requisites when it does not refer to the supposed tolerance.

The appellant maintains that the judgment is erroneous in regard to being a second offense because the previous violation was committed by the defendant as manager of the partnership Ramos & Suárez, Sucrs., S. en C. and that with which he is charged now is in his character as managing partner of the partnership Ramos & Suárez, Sucrs., a legal entity distinct from the one previously mentioned.

This Court in the case of *People* v. *Barquet*, 19 P.R.R. 753, 759, said:

"In regard to the insufficiency of the evidence to support the judgment against Juan and Narciso Barquet, we thing that it shows sufficiently that the offense was committed in the mercantile establishment of Barquet Hermanos by one of its clerks while in the discharge of his duties, and shows further that the accused are members of the said firm and have direct participation in its management, which firm is not a corporation but a partnership. This being the case, it is very plain that said accused persons may be prosecuted and punished individually for a violation of the internal revenue law committed by an employee acting for and on behalf of the partnership.

"There may be other partners besides Juan and Narciso Barquet, but as in this case the complaint was made against them alone, it

is only necessary to ascertain whether or not the offense was committed in the manner therein specified and whether the accused are partners or not.''

So that as the defendant was accused in both cases as a managing partner, in both cases he was liable as though he had been accused as an individual, notwithstandings that the two partnerships were distinct persons in the eyes of the law.

Therefore, the lower court did not commit any error in accepting as true the previous conviction and in punishing the defendant as a second offender.

■ The third and last of the errors alleged by the accused attacks the sufficiency of the evidence. We have examined all the evidence and we have no doubt whatsoever as to its sufficiency. It was proven that the coffee was sold by Francisco Guerra, a brother of the defendant and employed by the partnership Ramos & Suárez, Sucrs., of which the accused is a partner, and that in two pounds sold to Marcelino Domínguez, upon being weighed in the Standard scale of the Bureau of Weights and Measures, there was a deficiency of 156 grams. It is true that when it was again weighed in the district court, one year after possession was taken of it by the Inspector of Weights and Measures, the coffee weighed a few grams more than that stated in the package, but this circumstance was perfectly explained by the complainant when he told the court that coffee absorbs humidity and in the year that elapsed from the time the coffee was seized by the Inspector, until it was weighed on the day of the trial, it necessarily absorbed and accumulated sufficient humidity to augment its original weight in the proportion indicated. The testimony of the Inspector is corroborated by the provisions of the rules to which we have referred, in which it is stated that no tolerance is allowed for lack of weight in regard to this article because it is one that absorbs humidity and, therefore, its tendency is not to lose but to gain weight.

In our opinion the errors alleged by the appellant do not exist. Therefore, the judgment appealed from must be affirmed.